Motion granted, with $10 costs.

(34 Misc. Rep. 271.)

### In re LORD.

(Supreme Court, Special Term, New York County. March 4, 1901.)

INSPECTION OF ASSESSMENT ROLLS—ORDER TO PERMIT—REGULATIONS—TIME AND MANNER OF INSPECTION—ASSESSMENTS AFFECTING PETITIONER.

Greater New York Charter, § 1545, provides that all books, accounts, and papers in any department shall at all times be open to the inspection of any taxpayer, subject to any reasonable departmental regulations in regard to the time and manner of such inspection, made to secure the safety of such books, etc., and the proper use of them by the department; and prescribes that, in case a taxpayer is refused inspection of any such book, etc., his remedy is by application to the court by sworn petition. *Held* that, on application by a taxpayer and attorney, who was refused inspection of certain assessment rolls, the court would grant an order compelling the allowance of such inspection, but limiting it to the assessments affecting the petitioner and those he represented, who would be named in the order, and specifying the time and manner of the inspection.

Petition by Franklin B. Lord for an order compelling the tax department of New York City to allow inspection of assessment rolls. Order granted.

Lord, Day & Lord, for petitioner.

John Whalen and James M. Ward, for board of taxes, etc.

McADAM, J. This is a proceeding by a taxpayer, brought pursuant to section 1545 of the Greater New York charter, which prescribes that the remedy of a taxpayer, in case an inspection of the books of any department shall be refused to him, is obtainable on application to the court upon a sworn petition. Section 1545 provides that:

"All books, accounts and papers in any department or bureau thereof, except the police and law departments, shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations in regard to the time and manner of such inspection as such department, bureau or officer may make in regard to the same, in order to secure the safety of such books, accounts and papers, and the proper use of them by the department."

The tax department, acting under this statute, made the following rule:

"No person other than an employee of this department shall be allowed behind the railings or desks provided for the employees. Application for information should be made in writing and filed with the secretary, stating specifically the nature of the information desired, and upon such application and with the approval of a commissioner information will be furnished through the chief clerk."

The charter provision, which is a substantial re-enactment of the act of 1873 (chapter 335, § 107), applies in the broadest way to everything that is done in the city government (see, also, Charter, §§ 892, 895), and clearly indicates the general policy of the state to require publicity, as far as practicable, subject only to the power of the de-

partment to regulate by rules the time and manner of inspection, in order to insure the safety of its books and papers. The petitioner comes into court, not only as a taxpayer, but as an attorney and counselor at law representing clients who have been assessed, or who desire to know whether they have been assessed; and asks to examine the annual record of assessed values of real and personal estate for the year 1901. Neither fraud nor irregularity is charged against the department or any of its officials. The petitioner is clearly entitled to the inspection applied for. People v. Reilly, 38 Hun, 429; People v. Cornell, 47 Barb. 329; Dill. Mun. Corp. (4th Ed.) §§ 303, 848. The only serious question is as to the extent, time, and manner of inspection, for the right of the petitioner cannot be enforced in a manner that will interfere with the orderly business of the department or the rights of the general public. The respondents show that the books of the annual record of the assessed valuations for personal property for the year 1901, exclusive entirely of the books of annual record of the assessed valuation of shares of bank stock owned by individuals and corporations in the borough of Manhattan, consist of 11 volumes, containing 50,815 names, and in the five boroughs of 28 volumes, containing 97,690 names; that the books are in constant use, and will be until May 1st; and that from 700 to 800 applications are daily made for the revision and correction of the assessments thereon. To transfer the physical possession of these books to the petitioner would practically stop the business of the department, and do the general public much more harm than it could do the petitioner any conceivable good. The motion will be granted, but the inspection must be limited to assessments affecting the petitioner and the persons he represents, who are to be named in the order, which must specify the time and manner of examination. See opinion of Patterson, J., in application to inspect tax books, supreme court, at chambers;[1] People v. Flack, N. Y. Daily Reg., May 18, 1886. Settle order on notice.

[1] In re TERRY. I am not satisfied that this application is made for a legitimate purpose. Under section 50 of the consolidation act, a taxpayer has the undoubted right to inspect books, but it must be under such proper rules and regulations as the commissioners of taxes may impose. The notice of motion in this case seems to contemplate a right to rove over all the books in the department of taxes and assessments for a general purpose of curiosity, and without any definite object in view, unless it may be to find out facts which would enable an attorney to apply to persons assessed to retain him as a lawyer to set aside or reduce their assessments. Proper and reasonable rules and regulations for the inspection of books or the procurement of information from departments of the city government must be made, otherwise it would be impossible to carry on business in them; and I think the commissioner of taxes, who refused the application of the petitioner, was perfectly right in doing so, as there was no special designation of any book or books the applicant desired to see, nor any purpose stated other than to examine generally the books of the department for the two years mentioned in the notice of motion. What particular tax or assessment the applicant had in mind is not stated; and if he wished simply to find names and amounts of assessments on which to base proceedings, and to stir up strife, and to find matters of controversy from which he could make a fee, the motion, of course, could not prevail. Without considering that phase of the matter, the motion is denied, because the petitioner has not shown sufficient facts to entitle him to the order he asks for.